# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

La'DONNA JO BLAKE and
KENNETH A. BLAKE,

        Debtors.

Case No. J04-00077-DMD

Chapter 7

**Filed On 8/25/05**

## MEMORANDUM REGARDING OBJECTION TO EXEMPTIONS

        The trustee's objections to the debtors' claim of exempt property duly came before the court for hearing on June 30, 2005, and August 10, 2005. Objections to exemptions are core proceeding under 28 U.S.C. § 157(b)(2)(B). This court has jurisdiction pursuant to 28 U.S.C. § 1334(b) and the district court's order of reference. The trustee has objected to the debtor's claimed homestead exemption in property in Haines, Alaska. For the reasons stated below, I find that the objection should be overruled.

<u>Case Background</u>

        LaDonna and Kenneth Blake purchased two 1.5 acre lots in Haines, Alaska in the spring of 1992. Haines is an old mining town about fifteen miles south of Skagway, 77 miles north of Juneau. The Blakes built a tiny, four hundred and eighty square foot home on one of the lots in 1995. The accommodations are rustic and the Blakes have to generate their own electricity. They nonetheless lived in the home as their primary residence.

Kenneth Blake, a carpenter, developed colon cancer. He underwent numerous surgical procedures in Seattle in 2000, ultimately losing his colon and being forced to wear a colostomy bag. He was unable to work for a prolonged period. Mrs. Blake, a secretary, lost her Haines job in the spring of 2001. She was unable to find work in Haines, but did receive a job in Juneau with the State of Alaska in October of 2001. The Blakes moved to Juneau that fall. They lived in a house initially. They moved into an apartment in Douglas several months later and continue to reside there when not in Haines.

There is no road between Juneau and Haines. The Blakes must take a four and one-half hour ferry ride to commute between the two towns with their vehicle. There are small commuter planes that fly between Juneau and Haines, but they are often weathered in. Records of the Alaska Marine Highway System appear to indicate that the Blakes took nineteen round trips from Juneau to Haines between September 1, 2001, and January 28, 2004, the date of their chapter 7 filing.

The Blakes listed their Haines residence for sale with Linda Enticknap of Haines Land in May of 2002 for $112,000.00. The listing was for a one year period ending May 5, 2003. No one viewed the property. Mr. Blake stated that the listing terminated when Ms. Enticknap went out of business in November of 2002. The Blakes attempted to rent their residence over the winter of 2001 - 2002 but it didn't work out, according to Mr. Blake. The Blakes did sell a 1.482 acre lot next to their home in September of 2003 for $15,000.00. They used the proceeds to pay bills and also paid down the mortgage on their Haines residence to First National Bank by $6,000.00.

The Blakes worked and lived in the Juneau area through most of 2003. Mrs. Blake transferred from the Attorney General's office to become executive secretary to the director of the Department of Health and Human Services. Mr. Blake worked on a partial remodel of a Juneau home, on a part-time basis. Since the filing of the trustee's objections on March 18, 2004, the Blakes made at least thirteen trips to Haines in 2004. Mr. Blake also did some carpentry work in Haines in 2003 and 2004. The Blakes receive their mail at a Juneau post office box. They have used their Douglas address for PFD applications and fishing licenses.

In their schedules, the Blakes listed their home at its assessed value of $50,000.00. According to a real estate broker working in Haines, the property is currently worth $96,600.00. His opinion of value, however, is premised upon "recent" sales that are on the open market for three months to more than two years. The Blakes have continued to make payments on the first mortgage during their bankruptcy.

Discussion

A.S. 09.38.010(a) provides:

> An individual is entitled to an exemption as a homestead of the individual's interest in property in this state used as the principal residence of the individual or the dependents of the individual, but the value of the homestead may not exceed [$64,800.00].[1]

---

[1] AS 09.38.010(a); 8 AAC 95.030(a)(April 2004) [as to value limitation].

3

A "principal residence" is defined as "the actual dwelling place of an individual or dependents of the individual and includes real and personal property."[2]

> Residence in this context does not require continuous physical presence. *See Unification Church v. Attorney General for U.S.*, 581 F.2d 870, 875 n. 11 (D.C. Cir. 1978). The courts have uniformly held that temporary absences from the property, even those of substantial length, will not categorically result in residency forfeiture. *See* Unif. Exemptions Act § 4 cmt. 4. *See also, Petition of Castrinakis*, 179 F.Supp. 444, 445 (D. Md. 1959). The facts and circumstances of the absences should be considered in determining whether the exemption is lost. *See Fontana*, 453 N.Y.S.2d at 23-24. The facts must show that no other residence of the debtor or the debtor's dependents is used or lived in with such regularity and consistency that the claimed residence cannot be found to be the debtor's primary residence or family home. [FN8]
>
> > FN8.  Analysis of the facts is necessary to avoid the allowance of dual or multiple homestead exemptions. *See* Unif. Exemptions Act § 3 cmt. 2 and 4.[3]

The facts and circumstances surrounding the debtors' absence from Haines are favorable to their claim of exemption. The Blakes were forced to leave Haines due to Mr. Blake's illness and Mrs. Blake's inability to find year round employment there. Mrs. Blake has continued her attempts to obtain year round employment in Haines without success. Mr. Blake has worked both in Juneau and Haines after 2001. The Blakes' rental apartment is not their family home. They are not attempting to obtain dual or multiple homestead exemptions. They continue to maintain their Haines home and pay the mortgage and the taxes on it. They regularly return to it when circumstances allow. They have not abandoned their homestead.

---

[2] AS 09.38.500(12).

[3] *Ilardi v. Parker*, 914 P.2d 888, 891-892 (Alaska 1996).

4

Conclusion

I conclude that the Blakes are entitled to a homestead exemption in their Haines property. The trustee's objections to their homestead exemption will be overruled. An order and judgment will be entered consistent with this memorandum.

DATED: August 24, 2005.

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  D. Bruce, Esq.
J. Rice, Esq.
L. Compton, Trustee
U. S. Trustee
8/25/05